White, J.
This action for violation of G.L.c. 156B, §32 arises from defendant First Patriot Corporation’s (“the Corporation”) refusal to produce to the plaintiff Robert Kargman, as he is Trustee of the TVI Really Trust (“TVTj the Corporation’s stockholder list. Plaintiff now appears before the court seeking a protective order, asking the court to quash three deposition subpoenas duces tecum and asking the court to deny TVI’s request for certain documents referenced in Plaintiffs First Request for Production of Documents. For the following reasons, plaintiffs motion is ALLOWED in part and DENIED in part.
FACTS
First Patriot Corporation is a cooperative housing corporation that operates a cooperative apartment *705 complex (“the cooperative”) known as Beacon Village in Burlington, Massachusetts. The stockholders of the Corporation are entitled to exclusive use of the individual units of the cooperative as represented by their shares and their exclusive proprietary leases to those units granted to them when they became stockholders.
In May 1996 TVI purchased shares in the Corporation and gained exclusive rights to the lease of one of the housing units. On July 17, 1996 TVI requested “a list of the names of all the stockholders, their addresses of record, [and] the amount of stock held by each . . .” After an exchange of letters, the Corporation refused, on November 20, 1996, to provide the list of stockholder names.
TVI brought suit under Mass. Gen. Laws c. 156B, §32 requesting injunctive relief and damages. The Corporation raised its defense under statute, and claimed that TVI’s true purpose in requesting the list was to purchase the cooperative, and that TVI was therefore using the list “other than in the interest of the applicant, as a stockholder, relative to the affairs of the corporation." The Corporation also raised a counterclaim under M.G.L.c. 93A.
DISCUSSION
Mass. Gen. Laws c. 156B, §32 states, in relevant part:
If any officer or agent of a corporation . . . refuses ... to produce for examination a list of stockholders with the record addresses and amount of stock owned by each, he or the corporation shall be liable . .. but it shall be a defence that the actual purpose and reason for the inspection sought. . . [is] using the same for a purpose other than in the interest of the applicant, as a stockholder, relative to the affairs of the corporation.
In the instant case, defendant argues that the plaintiff is not entitled to the documents requested in discovery because plaintiffs only intent in bringing the discovery requests is to gain information which would allow plaintiff to purchase Corporation.
TVI claims that it requires certain information from the plaintiff in order to shed light on the activities which have caused TVI to seek to communicate with other stockholders about the management of the Corporation. The activities about which TVI seeks information include, but are not limited to, the alleged overpayment of management fees, the refinancing of the first mortgage on the cooperative, and the general financial condition of the cooperative, including possible excessive compensation to employees. TVI further claims that it needs discovery to defend against defendant’s counterclaim under c. 93A.
While it is true that plaintiff is entitled to discovery on these matters, plaintiff is not entitled to use the discovery process to obtain disclosure of the shareholder lists which are at the heart of the underlying litigation. An examination of the Plaintiffs First Request to Defendant for Production of Documents shows that plaintiff has sought such items as “[a] 11 documents which constitute, evidence, refer or relate to all Annual or Special Shareholders Meetings, including, but not limited to notices to shareholders, proxy solicitations, [and] returned proxies’’ and “[a] 11 minutes of. every meeting of the shareholders of First Patriot Corporation and any notes of such meetings, documents reviewed, presented or discussed at such meetings . . .” Plaintiff goes so far as to ask for ”[a]ll documents which constitute, evidence, refer, or relate to First Patriot Corporation’s list of shareholders from November 14, 1983 to the present.”
It should be clear that the plaintiff may not, either through a request for production of documents or through a subpoena duces tecum, demand production of the veiy documents which are the subject of this litigation. Accordingly, those portions of plaintiffs discovery requests which ask for the production of the shareholder lists, or for- shareholder information which is substantially similar to that contained in the lists, are stricken.
ORDER
■For the foregoing reasons, defendant’s Motion for a Protective Order is ALLOWED as to those portions of plaintiffs discovery requests which demand the shareholder information which is the subject of this litigation, and DENIED as to the remainder of the plaintiffs deposition subpoenas and the remainder of the Plaintiffs First Request for Production of Documents.